CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 17, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTHEW GRUBB, | ) |
| Plaintiff, | ) Civil Action No. 7:23cv00054 |
| v. | ) **MEMORANDUM OPINION** |
| BRANDON SMITH, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Matthew Grubb, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Brandon Smith, a unit manager at the Pocahontas State Correctional Center ("Pocahontas"). Grubb seeks leave to proceed *in forma pauperis* with this action. Having reviewed Grubb's submissions, the court will grant his request to proceed *in forma pauperis*, but it is clear from the face of the complaint that Grubb failed to exhaust administrative remedies prior to filing this action and that his allegations nevertheless fail to state a cognizable § 1983 claim against defendant Smith. Accordingly, the court will dismiss the complaint without prejudice as unexhausted and also for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Grubb alleges that, while housed at Pocahontas, he told defendant Unit Manager ("UM") Smith that he was "receiving sexual propositions," that "inmates were exposing themselves" to him, and that he "no longer felt safe" in the building. (Compl. at 2 [ECF No. 1].) Grubb states that his request to be moved to a different housing unit was denied and he was told that he needed to sign a form stating that he did not fear for his life. Grubb complains

that, when he refused to sign the form, he was moved to the restrictive housing unit ("RHU"). Grubb alleges that shortly after speaking with investigators, he was "given a charge by UM Smith." (*Id.*) As relief, Grubb seeks money damages and the removal of Smith from Virginia Department of Corrections employment.

## II.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter* 534 U.S. at 532. A prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action. *See Germain v. Shearin*, 653 F. App'x 231, 234 (4th Cir. 2016); *French v. Warden*, 442 F. App'x 845, 846 (4th Cir. 2011). A plaintiff cannot cure an original failure to exhaust administrative remedies by exhausting administrative remedies after the action was filed and then filing an amended complaint. *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

Although exhaustion is generally an affirmative defense, a court may dismiss a complaint "when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Exhaustion is an appropriate basis for dismissal when "all facts necessary to the affirmative defense 'clearly appear [] on the face of the complaint.'" *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

Here, it is clear from the face of the complaint that Pocahontas has a grievance process, and that Grubb did not exhaust his administrative remedies *prior to filing this action*. In his complaint, Grubb notes that although he filed a grievance regarding the facts of his complaint, he was "still waiting on a response" at the time he filed the complaint. (Compl. at 1 [ECF No. 1].) This admitted failure mandates dismissal of Grubb's complaint.

### III.

Moreover, even if he had exhausted his claims, his allegations nevertheless fail to state a cognizable § 1983 claim against UM Smith. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To the extent Grubb alleges that UM Smith subjected him to cruel and unusual living conditions, his claim fails. "Inmates have no protected liberty interest in being housed in any particular prison or in a prison or housing unit with less restrictive conditions." *Sever v. Whitt*, No. 7:13CV00481, 2014 U.S. Dist. LEXIS 1022, at *4 (W.D. Va. Jan. 3, 2014) (citing *Meachum*

*v. Fano*, 427 U.S. 215, 224–25 (1976)). "Only where an inmate demonstrates that his current living conditions constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' does he demonstrate a constitutionally protected interest at stake." *Sever*, 2014 U.S. Dist. LEXIS 1022, at *4 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Grubbs fails to allege that his living conditions in the RHU present unusual difficulty or discomfort when compared to general population housing. Instead, his allegations focus on the conditions in his *former* housing unit and the discomfort and fear he felt there. Grubbs does not indicate that similar conditions exist in the RHU, or that living in the RHU creates any significant hardship. Therefore, the court concludes that Grubb has failed state a cognizable living conditions claim.

To the extent that Grubb alleges that UM Smith failed to protect him from other inmates, his allegations also fail to state a claim. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order to establish a constitutional violation, the prisoner must show that "prison officials acted with deliberate indifference to a substantial risk that he would suffer serious harm from other inmates." *Sever v. Whitt*, No. 7:13CV00481, 2014 U.S. Dist. LEXIS 1022, at *5 (W.D. Va. Jan. 3, 2014). A prison official is deliberately indifferent if he is aware of a substantial risk of harm and fails to respond reasonably to the risk. *Farmer*, 511 U.S. at 837. "In short, prison officials who do not know of a risk, who do not know of the seriousness of the risk, or who act reasonably in response to a risk cannot be held liable for any constitutional violation." *Sever*, 2014 U.S. Dist. LEXIS 1022, at *5.

Grubb's complaint fails to present facts supporting a cognizable § 1983 claim that UM Smith acted with deliberate indifference to known risks that Grubb would be harmed by other inmates. On the contrary, Grubb's complaint alleges that when he notified UM Smith of the sexual propositions and his fears for his safety, Grubb was moved to the RHU. Grubb also fails to allege any substantial risks that other inmates might harm him while he is in the RHU. Therefore, the court concludes that Grubb has failed to state a cognizable failure to protect claim against UM Smith.

### IV.

For the reasons discussed, the court will dismiss this action without prejudice as unexhausted and also for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Grubb.

**ENTERED** this 17th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE